IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARREN K. AMARAL, #A0747000, | CIV. NO. 16-00147 DKW/RLP |
| Plaintiff, | ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. |
| vs. | §§ 1915(e)(2) & 1915A(b) |
| FRANCIS X. SEQUEIRA, HALAWA CORR. FAC. MEDICAL UNIT STAFF, | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Before the court is pro se Plaintiff Darren K. Amaral's prisoner civil rights Complaint brought pursuant to 42 U.S.C. § 1983. Compl., Doc. No. 1. Plaintiff names Halawa Correctional Facility (HCF) Warden Francis X. Sequeira and HCF Medical Unit staff as Defendants. He alleges an unidentified HCF staff nurse has delayed, or may delay, prescribed medical treatment. Plaintiff's Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), with leave granted to amend.

# I. **BACKGROUND**[1]

Plaintiff's pleading is not on a court-approved prisoner civil rights complaint form, and is titled "Affirmative Defense Medical Deliberate Indifference." Compl., Doc. No. 1. Plaintiff alleges that Jeanelle Ahuna, M.D., examined him at the Waikiki Health Clinic on March 10, 2016. Dr. Ahuna referred Plaintiff to Dr. Boneman, a thyroid specialist at the St. Francis Medical Healthcare Systems of Hawaii. On March 16, 2016, Dr. Boneman examined Plaintiff and recommended that he undergo tests and radiation therapy at The Queen's Medical Center (QMC). Plaintiff concludes that Dr. Boneman's recommendation for radiation treatment indicates that he has cancer. He worries that any delay in receiving these tests and radiation therapy may result in its worsening or spreading.

Six days later, on March 22, 2016, Plaintiff completed and signed the present Complaint, because he had not yet been scheduled for an appointment at QMC. The Complaint was mailed to the court on March 23, 2016; it was received and filed on March 28, 2016. Plaintiff alleges that HCF Medical Unit staff acted with deliberate indifference by waiting "over a month" to schedule him

---

[1] These facts are taken from the Complaint and accepted as true, but should not be construed as findings by the court.

for an appointment at QMC. He concludes that this may result in his death and alleges that Defendants therefore violated his rights under the Eighth Amendment.

## II. LEGAL STANDARD

The court must screen all civil actions brought by prisoners regarding challenges to prison conditions or seeking redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). Complaints or claims must be dismissed if they are frivolous, malicious, fail to state a claim on which relief may be granted, or seek relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not demand detailed factual allegations, but requires "more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). "[C]onclusory allegations of law and unwarranted inferences are insufficient." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). When it is clear the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal

constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Section 1983 requires a connection between a defendant's actions and a plaintiff's allegations. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.    Deliberate Indifference to Serious Medical Needs**

To establish an Eighth Amendment violation regarding medical care, an inmate must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010). Deliberate "indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care.'" *Crowley v. Bannister*, 734 F.3d

967, 978 (9th Cir. 2013) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

To state a claim, a "plaintiff must [first] show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (quotations omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* This can be shown by alleging "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* Deliberate indifference requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The "'inadvertent [or negligent] failure to provide adequate medical care' alone does not state a claim under § 1983." *Jett*, 439 F.3d at 1096 (citing *Estelle*, 429 U.S. at 105); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.").

### *1. Deliberate Indifference*

Plaintiff fails to establish that any Defendant acted with deliberate indifference to his serious medical needs. Plaintiff says Dr. Ahuna referred him to Dr. Boneman, who referred him to QMC for tests, and possibly, radiation therapy. Plaintiff does not say that either doctor diagnosed him with cancer or thyroid disease. Rather, Plaintiff, a layman without medical training, concludes that he has cancer because Dr. Boneman mentioned radiation therapy. Radioactive iodine, a form of radiation therapy, is also commonly used to treat thyroid disease.[2]

But even if Plaintiff has cancer or thyroid disease, he asserts no facts showing that a failure to be scheduled for an appointment within six days of such diagnoses will result in significant injury, complications, or the unnecessary and wanton infliction of pain. Individuals outside of prison routinely wait longer for appointments with specialists. A delay in treatment, standing alone, does not state a claim of deliberate indifference; the inmate must show the delay led to further injury. *Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (citing

---

[2] Radioactive iodine (RAI) treatment is "commonly used in patients with thyroid diseases." American Thyroid Associatin: http://www.thyroid.org/radioactive-iodine/ (last visited Apr. 14, 2016).

*Estelle*, 429 U.S. at 106).  "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  *Jett*, 439 F.3d at 1096; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Plaintiff also fails to allege facts showing that Defendants' response to his needs was deliberately indifferent.  That is, Plaintiff does not allege facts that show they were aware that a six-day delay could be harmful, or would cause unnecessary pain or injury, and in spite of such knowledge purposefully delayed scheduling him an appointment.  *See Farmer*, 511 U.S. at 837 (holding defendant must be aware of facts "that a substantial risk of serious harm exists," draw such an inference, and purposely fail to act).

The court cannot reasonably infer from the facts alleged that the six-day delay in being scheduled for an appointment at QMC, constitutes deliberate indifference.  Plaintiff fails to plausibly state a claim for deliberate indifference against any Defendant and these claims are DISMISSED with leave to amend.

### 2. *Supervisor Liability*

It appears Plaintiff names Warden Sequeira solely based on his position as HCF Warden as he provides nothing connecting Sequeira to his claims.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *Iqbal*, 556 U.S. at 676. A supervisor may be held liable under § 1983 if (1) he or she was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the Constitutional violation. *Starr v. Baca*, 633 F.3d 1191, 1196 (9th Cir. 2011); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Thus, a government official is liable for his or her own misconduct only.

The causal link between a supervisory defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Generally, a plaintiff "must allege that every government defendant -- supervisor or subordinate -- acts with the state of mind required by the underlying constitutional provision. *Or. State Univ. Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012). Vague and conclusory allegations regarding a supervisor's involvement in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges no facts showing that Warden Sequeira was aware that Plaintiff needed to be scheduled for a medical appointment, or that a substantial

risk of serious harm existed without an appointment, or that Sequeira drew that inference and failed to intervene. *See Farmer*, 511 U.S. at 837. Plaintiff's claims against Warden Sequeira are DISMISSED with leave to amend.

## IV. <u>EXHAUSTION</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims may not be brought to court. *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter*, 534 U.S. at 524).

The failure to exhaust is an affirmative defense that is defendants burden to raise and prove. *Id.*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (holding defendants should raise failure to exhaust in a motion for summary judgment, unless it is clear from the face of the complaint, when they may move for failure to state a claim under Rule 12(b)(6)). Because Plaintiff wrote his Complaint only six days after Dr. Boneman referred him for an

appointment at QMC, it appears impossible for him to have exhausted his claims before he commenced this action. The Court makes no decision on this matter at this time, but notifies Plaintiff that his Complaint may be subject to dismissal under 42 U.S.C. § 1997e(a).

## V. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend. Plaintiff may file an amended complaint **on or before May 13, 2016** that cures the deficiencies noted above. An amended complaint generally supersedes the previous complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 907, n.1 (9th Cir. 2012) (en banc). Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed voluntarily dismissed. *Id.* at 928 (stating claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

## VI. <u>28 U.S.C. § 1915(g)</u>

If Plaintiff fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal shall count as a "strike" under the

"3-strikes" provision of 28 U.S.C. § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VII.   CONCLUSION

(1)   The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2)   Plaintiff may file an amended complaint curing the deficiencies in his claims on or before May 13, 2016.   Plaintiff SHALL use the court's prisoner civil rights complaint form if he chooses to file an amended complaint.

(3)     The Clerk is directed to mail Plaintiff a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED:    April 14, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Darren K. Amaral, #A0747000 v. Francis X. Sequeira, et al.; Civil No. 16-00147 DKW-RLP; **ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

*Amaral v. Sequeira*, 1:16-cv-00147 DKW/RLP; Scrng 2016 Amaral 16-147 dkw (dsm 8A spvsr. liab.)